# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BERTHA MARTINEZ, individually and on behalf of other employees similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 14 C 9686 |
| MANOLOS TAMALES, INC. d/b/a MANOLOS TAMALES #1; MANOLOS TAMALES #3 d/b/a ALICIA'S TAMALES; and JUAN M. CHAVARIN, individually, | ) ) ) ) ) | Judge Jorge L. Alonso |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendants' Federal Rule of Civil Procedure 12(b)(6) motion to dismiss the complaint. For the following reasons, the motion is denied.

## BACKGROUND

This is a putative collective action for unpaid overtime and minimum wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Counts I and III), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* (Counts II and IV). Defendants move to dismiss the First Amended Complaint for failure to state a claim.

## DISCUSSION

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 570, 556 (2007)). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need[ ] not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

The FLSA imposes minimum and hourly overtime wage requirements for employees who are "engaged in commerce or in the production of goods for commerce" (individual-based coverage) or who are "employed in an enterprise engaged in commerce or in the production of goods for commerce" (enterprise-based coverage). 29 U.S.C. §§ 206(a), 207(a)(1). The test for individual coverage is whether the employee's work "is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated, local activity," *Mitchell v. C.W. Vollmer & Co.*, 349 U.S. 427, 429 (1955); *see also Rivas v. Marcelo Hand Car Wash Inc.*, No. 10 C 1396, 2010 WL 4386858, at *2 (N.D. Ill. Oct. 28, 2010); *Jacoby v. Schimka Auto Wreckers, Inc.*, No. 10 C 1452, 2010 WL 3171515, at *3 (N.D. Ill. Aug. 11, 2010). An employer is an "enterprise" covered by the FLSA if it "has employees engaged in commerce or in the production of goods for commerce, or [] has

2

employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(i), (ii).

Defendants first assert that plaintiff's FLSA claims should be dismissed because she has failed "to plead sufficient facts to show how [she] would be covered individually or under the enterprise theory of the FLSA." (Defs.' Mem. Supp. Mot. 6.) The complaint alleges that plaintiff, Bertha Martinez, worked for defendants, Manolo's Tamales, Inc. (doing business as Manolo's Tamales #1), Manolo's Tamales #3 (doing business as Alicia's Tamales), and Juan M. Chavarin, from February 2011 until November 2014, cooking and cleaning at the restaurants. (First Am. Compl. ¶¶ 18-19, 21.) Plaintiff alleges further that her "work activities engaged her individually in commerce" and that she "handled goods that moved in interstate commerce." (*Id.* ¶¶ 20, 22.) She also alleges on information and belief that Manolo's Tamales, Inc. and Manolo's Tamales #3 have annual gross sales of $500,000 or more. (*Id.* ¶ 10.) In defendants' view, these allegations fall short of plausibly alleging that plaintiff individually engaged in commerce or that she was employed by an enterprise.

The Court agrees with defendants that plaintiff has failed to adequately plead individual-based FLSA coverage, but disagrees that she has failed to adequately plead enterprise-based FLSA coverage. Martinez's allegations that she cooked and cleaned at defendants' restaurants in Chicago are insufficient to raise a plausible inference that her work was "directly and vitally related" to interstate commerce; she does not allege that she produced goods that then moved in interstate commerce, nor does she allege any work from which the Court can infer that she herself was engaged in interstate commerce. Therefore, plaintiff's pleading of individual FLSA coverage is lacking. But her allegations are sufficient to raise a plausible inference that there is

3

enterprise FLSA coverage, the test for which is different and generally easier for plaintiffs to meet. *Cf. Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 n.8 (1985) ("Prior to the introduction of enterprise coverage in 1961, the only individuals covered under the [FLSA] were those engaged directly in interstate commerce or in the production of goods for interstate commerce. Enterprise coverage substantially broadened the scope of the [FLSA] to include any employee of an enterprise engaged in interstate commerce, as defined by the [FLSA]."). Defendants point out that plaintiff has alleged "without factual support" that she handled goods that moved in interstate commerce. (Defs.' Mem. Supp. Mot. 6.) But plaintiff need not allege further "factual support" because it is a plausible inference that in the course of cooking and cleaning at tamale restaurants in Chicago, plaintiff handled goods that had moved in interstate commerce. (In fact, it seems *implausible* that she would *not* have handled any such goods.) Furthermore, plaintiff has alleged that the defendant restaurants had annual gross sales of $500,000 or more, and defendants clarify in their reply that they are "not arguing [this] prong of the FLSA coverage." (Defs.' Reply 3.)

Defendants also take issue with what they characterize as plaintiff's "exaggerated" allegations that she "worked cooking and cleaning 8 hours a day *everyday* for over three years." (Defs.' Mem. Supp. Mot. 4.) That is not how the Court reads the complaint, which refers to plaintiff's work *schedule* and states that it was "variable," (First Am. Compl. ¶¶ 23-24), but in any event, even if defendants' interpretation is correct, "the plausibility standard does not allow a court to question or otherwise disregard nonconclusory factual allegations simply because they seem unlikely." *Firestone Fin. Corp. v. Meyer*, No. 14-3075, 2015 WL 4720281, at *3 (7th Cir. Aug. 10, 2015). In the alternative to dismissal, defendants request that plaintiff "be ordered to provide more specific facts as to the schedule she allegedly worked," (Defs.' Mem. Supp. Mot.

4

4), but the parties can flesh out that issue in discovery. (Indeed, they should be well into that process, because the Court set the October 16, 2015 fact-discovery cutoff in May.)

## CONCLUSION

Defendants' motion to dismiss the First Amended Complaint [33] is denied. This case is set for a status hearing on October 21, 2015 at 9:30 a.m.

**SO ORDERED.**            **ENTERED:   August 31, 2015**

**HON. JORGE L. ALONSO**
**United States District Judge**